THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOSE SOSA,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY JAIL *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:22-CV-793-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff filed his civil rights complaint as a prisoner. *See* Dkt. No. 5. On December 22, 2022, he was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 4. The court ordered Plaintiff to sign and file with the court a form consenting to the collection of Plaintiff's remaining filing fee in increments from Plaintiff's inmate account. *See id.* at 2. After Plaintiff failed to file the form for over two months, the court ordered Plaintiff to "file a brief showing cause why this case should not be dismissed for failure to prosecute or to comply with court orders no later than March 27, 2023." Dkt. No. 9 at 1. Plaintiff has failed to file such a brief and has not otherwise communicated with the court since he submitted his initial partial filing fee more than four months ago.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure

or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a plaintiff's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

The court thus finds that Plaintiff has failed to prosecute this action; comply with this court's orders; or show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Because dismissal here is without prejudice, the court need not—and does not—consider these factors.

IT IS SO ORDERED.

DATED this 4th day of May, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge